IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LONNIE NORTON,<br><br>                    Plaintiff,<br><br>v.<br><br>STATE OF UTAH et al.,<br><br>                    Defendants. | **ORDER & MEMORANDUM DECISION**<br><br><br>Case No. 2:14-CV-772-CW<br><br>District Judge Clark Waddoups |

Plaintiff, inmate Lonnie Norton, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2015), *in forma pauperis*, *see* 28 id. § 1915.  The Court now screens his Complaint and orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

### Deficiencies in Complaint

Complaint:

(a) improperly names "State of Utah" as a defendant, though there is no showing that it has waived its governmental immunity (see below).

(b) improperly names Judges Kouris and Lubeck as defendants, without considering judicial immunity, as further explained below.

(c) improperly names Salt Lake Legal Defenders Association, without considering that public defenders are not considered to be state actors subject to suit under § 1983.

(d) possibly alleges claims that concern the constitutionality of his conviction and/or validity of his imprisonment, which should be brought in a habeas-corpus petition, not a civil-rights complaint.

(e) alleges claims that are possibly invalidated by the rule in *Heck* (see below).

(f) has claims appearing to be based on conditions of current confinement; however, the complaint was apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution.  *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "*'adequate* law libraries or *adequate* assistance from

persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action).  "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'"  *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position.  *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Fifth, as to claims that have been made against the State, generally, the Eleventh Amendment prevents "suits against a state unless it has waived its immunity or consented to suit, or if Congress has validly abrogated the state's immunity."  *Ray v. McGill*, No. CIV-06-0334-HE, 2006 U.S. Dist. LEXIS 51632, at *8 (W.D. Okla. July 26, 2006) (unpublished) (citing *Lujan v. Regents of Univ. of Cal.*, 60 F.3d 1511, 1522 (10th Cir. 1995); *Eastwood v. Dep't of Corrs.*, 846 F.2d 627, 631 (10th Cir. 1988)).  Plaintiff asserts no basis for determining that the State has waived its immunity or that it has been abrogated by Congress.  Because any claims against the State appear to be precluded by Eleventh Amendment immunity, the Court believes it has no subject-matter jurisdiction to consider them.  *See id.* at *9.

Sixth, it is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims." *Segler v. Felfam Ltd. P'ship*, No. 08-1466, 2009 U.S. App. LEXIS 10152, at *4 (10th Cir. May 11, 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).  Regarding the claims at issue here, Judges Kouris and Lubeck very well may have been acting in a judicial capacity in presiding over this case, so the judges' actions would be entitled to absolute immunity.  *See Doran v. Sanchez*, No. 08-2042, 2008 U.S. App. LEXIS 17987, at *2 (10th Cir. Aug. 19, 2008) (unpublished).

Finally, the Court concludes that Plaintiff's claims appear to involve some allegations that if true may invalidate his conviction and/or sentencing.  "In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings."  *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar. 5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).  *Heck* prevents litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions."  *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted).  *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."  512 U.S. at 486.

Plaintiff argues that Defendants violated his constitutional rights in a way that may attack Petitioner's very imprisonment.  *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court must decide whether judgment in the plaintiff's favor would unavoidably imply that the conviction or sentence is invalid.  *Id.* at 487.  Here, it appears it may regarding

some claims. If this Court were to conclude that Plaintiff's constitutional rights were violated in a prejudicial manner, it would be stating that Plaintiff's conviction and/or sentence were not valid. Thus, the involved claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This has apparently not happened and may result in dismissal of such claims.

## Preliminary Injunctive Relief

The Court evaluates Plaintiff's motions for preliminary injunctive relief. Plaintiff appears to merely be trying to expedite the relief he seeks in his complaint. This type of injunction is disfavored by the law. *See SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991).

Further, Plaintiff has not specified adequate facts showing each of the four elements necessary to obtain a preliminary injunctive order:

> "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest."

*Brown v. Callahan*, 979 F. Supp. 1357, 1361 (D. Kan. 1997) (quoting *Kan. Health Care Ass'n v. Kan. Dep't of Soc. and Rehab. Servs.*, 31 F.3d 1536, 1542 (10th Cir. 1994)).

Preliminary injunctive relief is an extraordinary and drastic remedy to be granted only when the right to relief is "clear and unequivocal." *SCFC ILC, Inc.*, 936 F.2d at 1098. The Court has carefully reviewed Plaintiff's pleadings and motions for injunctive relief and concludes Plaintiff's claims do not rise to such an elevated level that an emergency injunction is warranted. In sum, Plaintiff has not met the heightened pleading standard required in moving for an emergency injunction.

Because Plaintiff requests that this Court intervene in state criminal proceedings in his motions for preliminary injunctive relief, a related ground for denying this relief may be the *Younger* abstention doctrine.  *See Housley v. Williams*, No. 92-6110, 1993 U.S. App. LEXIS 5592, at *8 (10th Cir. Mar. 12, 1993) (unpublished); *Cen v. Castro*, No. C 02-2094 PJH (PR), 2002 U.S. Dist. LEXIS 9314, at *2 (N.D. Cal. May 1, 2002).  After all, "[t]he rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity," as defined in *Younger v. Harris*, 401 U.S. 37, 44 (1971).  *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).  The abstention analysis has three parts:  "First, is there a pending state judicial proceeding; 'second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.'"  *Oltremari ex rel. McDaniel v. Kan. Social & Rehab. Serv.*, 871 F. Supp. 1331, 1356 (D. Kan. 1994) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982)).

Applying the analysis here, the Court first determines based on the information in the complaint that there is apparently a pending state judicial proceeding.  Second, although this is a federal civil-rights case, "'[t]he importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature.'"  *Oltremari ex rel. McDaniel*, 871 F. Supp. at 1356 (quoting *Middlesex County Ethics Comm.*, 457 U.S. at 432).  Considering that Petitioner actually attacks--both here and in state court--ongoing criminal proceedings, the Court concludes the issues in this noncriminal civil-rights case clearly are integral to "proceedings criminal in nature," and, consequently, involve an important state interest.  *Id.*  Finally, Petitioner has an adequate chance to raise any of his federal constitutional challenges in state court.  The Court is persuaded by this analysis to avoid intervening in Plaintiff's state criminal proceedings.

**ORDER**

**IT IS HEREBY ORDERED that:**

(1) Plaintiff must within thirty days cure the Complaint's deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a form complaint for Plaintiff to use should he choose to file an amended complaint.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff's motions for preliminary injunctive relief are **DENIED**.  (*See* Docket Entry #s 6, 8, & 15.)

(5) Plaintiff's motion requesting a change of request for relief is **DENIED**.  (*See* Docket Entry # 14.)  The change in relief may be included in Plaintiff's amended complaint, should he file one.

DATED this 28th day of September, 2015.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge